896 F.2d 554
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles Bradley JONES, Defendant-Appellee.
 No. 89-5639.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Charles Bradley Jones, appeals the district court's denial of his motion to suppress all evidence seized at the time of his arrest. The only issue before this court is whether the district court erred in denying Jones' motion to suppress.
 
 I.
 
 2
 On August 3, 1988, three bank robberies occurred in Memphis, Tennessee. At the second and third bank robberies, surveillance photos were obtained from the scene of the crimes. Blow-ups of the photographs were taken to the three local major television networks and to the daily newspaper in Memphis. The FBI requested that the photos be broadcast and publicized.
 
 
 3
 As a result of the media display, Linda Holliday was picked up and taken to the Memphis Police Department Robbery Squad Office as a material witness. Upon interrogation she identified the appellant Charles Bradley Jones as the person in the photographs. She also stated that she had taken Bradley to Illinois, and he had given her some money. This money included one of the marked or pre-identified pieces of currency that had been taken in the third robbery. On August 9, 1988, with her permission and by agreement, Ms. Holliday executed a form to allow officers to monitor a call which she agreed to make. Ms. Holliday's initial effort to call Jones was unsuccessful because he was away from the residence. At approximately 9:30 p.m., Ms. Holliday placed a second call to Mr. Jones in Chicago, Illinois and engaged him in conversation. During this conversation, the Memphis FBI notified the Chicago FBI and with the resident's permission, FBI Special agents entered the residence of Jones' uncle and arrested appellant Jones while he was still on the telephone. A subsequent search of Jones' person and his uncle's residence resulted in the seizure of some of the stolen currency.
 
 II.
 
 4
 Appellant Jones maintains that any evidence seized pursuant to his arrest should be suppressed because the government failed to obtain a warrant for his arrest. Specifically, Jones notes that more than four hours elapsed between Ms. Holliday's initial statements to the FBI and his arrest. As a result, he argues, the government had sufficient time to obtain a search or arrest warrant. Because we think the FBI acted properly in arresting appellant Jones, we affirm.
 
 
 5
 Initially, we should note that the district court's denial of Jones' motion to suppress will be upheld unless it was clearly erroneous. U.S. v. Coleman, 628 F.2d 961 (6th Cir.1980).
 
 
 6
 The Fourth Amendment to the United States Constitution provides:
 
 
 7
 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV
 
 
 8
 This amendment appears generally to prohibit arrests without a warrant. However, the Supreme Court has written an important exception into the Fourth Amendment--the exigent circumstances exception. See Terry v. Ohio, 392 U.S. 1 (1968). A more practical analysis of the exigent circumstances exception was recently articulated by the Eleventh Circuit in U.S. v. Standridge, 810 F.2d 1034 (11th Cir.), cert. denied, 481 U.S. 1072 (1987). In Standridge, the court provided:
 
 
 9
 Exigent circumstances do not necessarily involve "hot pursuit" of a fleeing criminal. Factors which indicate exigent circumstances include: (1) The gravity or violent nature of the offense with which the subject is to be charged; (2) A reasonable belief that the suspect is armed; (3) Probable cause to believe that the suspect committed the crime; (4) Strong reason to believe that the subject is in the premises being entered; (5) A likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public. Id. at 1037.
 
 
 10
 Applying the factors enumerated in Standridge to the present case, it is clear that the warrantless arrest of Jones was justified by exigent circumstances. First, the crime Jones was charged with was very serious. He had robbed three banks, endangering several lives in the process. Second, in light of the fact that Jones brandished a weapon in all three robberies and was a suspect on the run, it was reasonable for the FBI to believe that Jones was armed and dangerous. Third, the FBI had very strong evidence that Jones had committed the robberies--the statements of his companion Ms. Holliday, and the surveillance photos taken at the scene of the crimes. Fourth, not only did the police have strong reason to believe that Jones was at his uncle's house in Chicago, they in fact knew that he was there since they were monitoring his conversation with Ms. Holliday from that location. Fifth, the risk that Jones would flee was very imminent in light of the fact that he had already escaped the area in which the crimes were committed, Memphis, and relocated to Chicago. In sum, all of the Standridge factors are present in this situation.
 
 
 11
 Accordingly, we AFFIRM the district court's denial of appellant Jones' motion to suppress.